JARVEY, Chief District Judge,
dissenting:
I agree with the majority’s conclusion that courts determine contracting parties’ intent as of the time the contract is executed. I disagree, however, that California committed the tort of misrepresentation by interpreting the Compact differently than a later court decision. The provision regarding the number of available licenses in the Compact was hopelessly ambiguous, California, the compacting tribes, the district court and this court all interpreted it differently. That this court’s opinion differed from that offered by California does not establish that California made “an assertion that [was] not in accord with the facts” as they existed at the time the assertion was made. Restatement (Second) of Contracts § 159 & cmt. c.
The decision in Colusa II was not the result of any judicial fact finding. In fact, this court rejected the parties’ extrinsic evidence for contract interpretation purposes and determined the number of available licenses as a matter of law. Because extrinsic evidence was rejected and the number determined as a matter of law, all parties to the Compact were on equal footing with respect to their ability to interpret this ambiguous provision. The majority is correct when it notes that any party could have sued to get more clarity. The *1174 tribes in Colusa II did, but the plaintiff here chose instead to negotiate for the possibility of receiving more licenses than have ever been available under the 1999 Compact.[1]
On the misrepresentation issue, Curtin v. United Airlines, Inc., 275 F.3d 88 (D.C.Cir.2001) is analogous and persuasive. Curtin involved a provision of the Warsaw Convention (a treaty) that established the compensation to be paid by a carrier when passengers’ luggage was lost during international travel. The Warsaw Convention provided for a payment of $9.07 per pound up to the maximum of a seventy pound bag, or $635. United Airlines had a practice of paying the maximum amount ($635) for lost international luggage rather than weighing the bags and paying the $9.07 price per pound for the lost luggage. That practice had been interpreted by some courts as permissible, and by others as impermissible. Ultimately, the District of Columbia Circuit Court of Appeals rejected the practice, holding that the Warsaw Convention did not cap liability at $635 where the carrier had failed to weigh the bags as required.
In Curtin, passengers who had settled their lost luggage claims for $635 sued claiming, among other things, that the settlement agreements were procured by United’s misrepresentation of its obligation under the Warsaw Convention, as later determined by the Court of Appeals. However, the District of Columbia Circuit held that United did not make a misrepresentation by reasonably interpreting the Warsaw Convention differently than the later District of Columbia Court of Appeals decision. This decision is sensible, intuitive and analogous to what happened in the matter now before the court. Because I believe that the State’s interpretation of this ambiguous contractual provision does not qualify under the common law definition of a material misrepresentation, I respectfully dissent.
I also do not believe that the State of California waived sovereign immunity with respect to this claim. The 1999 Compact waives immunity as follows:
Sec. 9.4. Limited Waiver of Sovereign Immunity.
(a) In the event that a dispute is to be resolved in federal court ..., the State and the Tribe expressly consent to be sued therein and waive any immunity therefrom that they may have provided that:
(1) The dispute is limited solely to issue’s arising under this Gaming Compact;
(2) Neither side makes any claim for monetary damages (that is, only injunc-tive, specific performance, including enforcement of a provision of this Compact requiring payment of money to one or another of the parties, or declaratory relief is sought);....
I agree with the majority that the remedy of specific performance is not available in this case. The majority upholds the award as restitution, concluding that the Compact waives immunity against claims for restitution because the Compact waives immunity against claims for “specific performance, including payment of money to one or another of the parties.” I disagree with the majority’s reading of the waiver.
The limited waiver of sovereign immunity is well drafted and clear. It states that neither side can make a claim for monetary damages. It then defines the waiver, beginning with the words “that is.” The phrase “that is” is commonly thought of as a shorthand version of the phrase “that is to say.” It is used to preface a more *1175 specific delineation of the preceding contractual language. Here, to further clarify the limitation of the waiver, the parties stated, “that is, only injunctive, specific performance, including enforcement of a provision of this Compact requiring payment of money to one or another of the parties, or declaratory relief is sought....” (emphasis added). The use of the word “only” is routinely defined to mean alone, solely or exclusively. The waiver’s applicability is therefore explicitly confined to the circumstances listed.
The majority infers a waiver of sovereign immunity for restitution from a canon of contract interpretation that prefers interpretations that do not render other terms “superfluous, useless or inexplicable.” It finds that reading the language “including payment of money to one or another of the parties” as allowing monetary payment only in the context of specific performance would render the clause superfluous because the Compact’s payment provisions run only from Pauma to the State. But this reading disregards the explicit text of the clause. The clause makes clear that the parties intended “specific performance” to include monetary payments only when the Compact requires them. This language is the parties’ clear recognition of Bowen v. Massachusetts, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), which held that a monetary payment can constitute specific performance when a contractual clause requires such payment. The fact that the waiver includes specific performance of payment provisions does not render it superfluous, useless or inexplicable simply because those particular obligations run only from Pauma to the State. It would be helpful in the event of that kind of breach by Pauma.
The monetary damages awarded here do not qualify as injunctive, specific performance or declaratory relief. Because the law demands that waivers of sovereign immunity ordinarily derive only from “the most express language” or “such overwhelming implications from the text as [will] leave no room for any other reasonable construction,” there can be no waiver found here. Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (citation and internal quotation marks omitted) (alteration in original). The express language of the sovereign immunity does not include suits for restitution, and in fact, explicitly excludes suits for monetary damages outside the context of specific performance. I find no other implications from the text, and certainly not overwhelming implications, of sovereign immunity waiver.

. I find it more than ironic that Pauma has received monetary damages as a result of Colusa II that were denied to the tribes that won that decision. I find it inequitable.